UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**RICK ABBOTT**,

    Plaintiff,

Case No.: 17-12297

vs.

**ROFIN-SINAR, INC.**,

    Defendant.

_____

**GASIOREK, MORGAN, GRECO McCAULEY & KOTZIAN, P.C.**
BY:   SAM MORGAN (P36694)
Attorney for Plaintiff
30500 Northwestern Highway, Ste. 425
Farmington Hills, Michigan 48334
(248) 865-0001
sam.morgan@gmgmklaw.com
_____

## PLAINTIFF'S COMPLAINT AND JURY DEMAND

**NOW COMES** Plaintiff, RICK ABBOTT, by and through his attorneys, GASIOREK, MORGAN, GRECO, McCAULEY & KOTZIAN, P.C., and for his Complaint against the Defendant states as follows:

### NATURE OF CASE

1.  This cause of action asserts claims of retaliatory employment discrimination in violation of both the (a) Americans with Disabilities Act ("ADA"), 42 USC § 12117, (b) Michigan Persons with Disabilities Civil Rights

Act ("PWDCRA"), MCL § 37.1101 *et. seq.*, and (c) and the Family Medical Leave Act of 1993 ("FMLA"), 29 USC §2601 *et. seq.*

2. This cause of action asserts a claim of illegal discharge and discrimination in violation of Section 301 (13) the Michigan Workers Disability Compensation Act ("WDCA"), MCL § 418.101, *et. seq.*

## PARTIES

3. Plaintiff, Rick Abbott, is an individual residing in Grass Lake, Jackson County, Michigan.

4. Defendant, Rofin-Sinar, Inc. (hereinafter referred to as "Defendant"), is a Delaware corporation that is duly authorized to conduct business in the State of Michigan, and maintains an office and conducts substantial business activities in the City of Plymouth, Wayne County, Michigan.

## JURISDICTION AND VENUE

5. This Honorable Court has jurisdiction over this cause of action pursuant to 28 U.S.C. §§ 1331 and 1332.

6. This Honorable Court also has supplemental jurisdiction over the Plaintiff's state law claim pursuant to 28 USC §1367.

7. This Court has personal jurisdiction over Defendant because Defendant has it maintains a place of business and has continuous and systematic operations in the State of Michigan.

8. Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") on June 21, 2016. See attached **Exhibit A**.

9. On April 16, 2017, Plaintiff received notification of the Right-To-Sue from the EEOC for the aforementioned Charge of Discrimination (attached as **Exhibit B)**, with a "date mailed" of April 14, 2017, and has filed this Complaint within 90 days of receiving said notice.

10. All the discriminatory employment practices alleged in this complaint occurred within the State of Michigan in this judicial district.

11. Venue is proper and convenient in this judicial district.

## **GENERAL ALLEGATIONS**

12. In or about May 12, 2014, Plaintiff commenced re-employment with Defendant as a Field Service Engineer.

13. Plaintiff was previously employed by Defendant during the 2000 to 2008 time frame.

14. At all times after he was re-employed as a Field Service Engineer, Plaintiff performed his duties and responsibilities in a manner that demonstrated that he was qualified for and to retain his position.

15. On or about April 23, 2015, Plaintiff was hospitalized as an inpatient for blood clots following Plaintiff a lengthy return flight from Mexico, where he was performing work for Defendant.

16. On or about April 28, 2015, Plaintiff commenced an approved medical disability leave of absence due to the medical condition that caused him to be hospitalized beginning on or about April 23, 2015.

17. Defendant designated Plaintiff's medical leave of absence as an FMLA leave of absence.

18. Plaintiff submitted a claim for workers compensation benefits, in light of the fact that Plaintiff medical condition was the direct result of work-related conditions.

19. Upon information and belief, Defendant is self-insured for workers compensation benefits.

20. On or about May 13, 2015, the third party administrator that handled Defendants' workers compensation claims notified Plaintiff that his claim was denied.

21. The reason for denying Plaintiff's workers compensation claim was ostensibly that the condition was not work-related.

22. Plaintiff was forced to resort to making a claim for short term disability benefits, which paid a much smaller percentage of Plaintiff's regular weekly earnings as the benefit.

23. Defendant maintains a policy that limits medical leaves of absences to 120 days.

24. Defendant also maintains a policy that requires automatic termination of an employee if their medical leave of absence exceeds 120 days by any amount of time.

25. In light of Defendant's above-stated policies, and because he did not want to be automatically terminated by Defendant, Plaintiff asked his treating physician to approve him for a return to work on August 25, 2015.

26. Plaintiff's treating physician complied with Plaintiff's request and certified his ability to return to work on August 25, 2015.

27. Upon returning to work from his approved medical leave of absence, Plaintiff performed his duties and responsibilities in a manner that demonstrated that he was qualified for and to retain his position.

28. Once Plaintiff did return to work, Defendants' management agents who were in the line of Plaintiff's supervision demonstrated a negative

and hostile demeanor that suggested and/or implied that Plaintiff was no longer considered a valuable employee.

29. From the words and actions of Defendants' management agents who were in the line of Plaintiff's supervision, it became clear that Defendant's management considered employees who had become injured or sick and sought time off, workers compensation, or other disability insurance benefits to be undesirable and an liability to the company, whether the injury or sickness was incurred on the job or not.

30. In the meantime, Plaintiff was being assigned work that required him to work 60 to 70 hours per week, mostly with some of Defendant's most unhappy customers.

31. Plaintiff compared his assignments and work schedule to those of his coworkers, and seemed clear to him that Defendant was engaging in a course of treatment that was specifically calculated to encourage, if not force, Plaintiff to quit.

32. On December 7, 2015, Defendant terminated Plaintiff's employment without giving him prior notice that his continued employment was in jeopardy.

33. Defendant's past practice was to engage in some sort of progressive discipline with employees with performance problems, prior to resorting to termination.

34. When terminating Plaintiff's employment, Defendant explained that the reason for termination was performance, and more specifically communication and reporting problems.

35. Defendant's management agents would not explain why they were resorting to termination as opposed to a less severe form of discipline.

## COUNT I
## EMPLOYMENT RETALIATION IN VIOLATION OF THE
## AMERICANS WITH DISABILITIES ACT ("ADA")

36. Plaintiff restates and re-alleges each and every paragraph of this Complaint as though fully set forth herein verbatim.

37. At all relevant times, Plaintiff was an "employee", and Defendant was an "employer" within the meaning of the ADA, 42 USC 12101, *et. seq.*

38. At all relevant times, Plaintiff was a "qualified" person with a disability, was regarded by Defendant as having a disability, and/or had a history of a disability under the ADA.

39. Defendant had a duty under the ADA, 42 USC 12203, not to:

    a.    Discriminate against an employee because such employee opposed any act or practice made unlawful by the ADA or

7

    because such employee made a charge, testified, assisted, or participated in any manner in an investigation, proceeding" under the ADA.

  b. Interfere with a person or employee in the exercise of any right granted or protected by the ADA.

40. Defendant discriminated against Plaintiff and interfered with Plaintiff's rights under the ADA because of his history of a medical disability and/or his need for an extended medical leave as a reasonable accommodation for his disability.

41. Defendant's acts of discrimination and interference came in the form of:

  a. Terminating Plaintiff's employment without prior notice;

  b. Harassing and unfairly subjecting Plaintiff to different and unreasonably performance standards,

  c. Failing to provide Plaintiff with reasonable accommodations;

  d. Failing to engage in an interactive process with Plaintiff and/or to identify positions for which Plaintiff was qualified;

  e. Treating Plaintiff differently than similarly situated employees who did not have a disability and/or who did not request reasonable accommodations;

  f. Denying Plaintiff employment opportunities;

  g. Limiting, segregating, or classifying Plaintiff in a way which deprived or tended to deprive Plaintiff of employment opportunities or otherwise adversely affecting the status of Plaintiff's employment; and

      h.    Otherwise retaliating and discriminating against Plaintiff with respect to the terms, conditions and privileges of her employment.

42. Defendant's violations of the ADA were made with malice and with reckless indifference to Plaintiff's federally protected rights.

43. As a direct and proximate cause of Defendant's violation of the ADA, Plaintiff has suffered damages, including but not limited to, lost wages and employee benefits, mental anguish and emotional distress, physical ailments and distress, embarrassment, humiliation, injury to her professional reputation, and the loss of the ordinary pleasures of everyday life.

**WHEREFORE**, Plaintiff prays that this Honorable Court enter a judgment in his favor, and against Defendant, in whatever amount is shown to be established by the proofs in this case, and to award Plaintiff with punitive damages, exemplary damages, injunctive relief, interest, costs, reasonable attorney fees and witness fees pursuant to 42 USC § 12205.

### COUNT II
### ILLEGAL RETALIATION IN VIOLATION OF MICHIGAN'S PERSONS WITH DISABILITIES CIVIL RIGHTS ACT ("PWDCRA")

44. Plaintiff restates and re-alleges each and every paragraph of this Complaint as though fully set forth herein verbatim.

45. Plaintiff is a "person" within the meaning of the PWDCRA, MCL 37.1101 *et seq.*

46. Defendant is an "employer" within the meaning of the PWDCRA.

47. Defendant is also a "person" within the meaning of the PWDCRA.

48. At all relevant times, Defendant had a duty under the PWDCRA not to:

   a. Discriminate against an employee because such employee opposed any act or practice made unlawful by the PWDCRA or because such employee made a charge, testified, assisted, or participated in any manner in an investigation, proceeding" under the PWDCRA.

   b. Interfere with a person or employee in the exercise of any right granted or protected by the PWDCRA.

49. Defendant discriminated against Plaintiff and interfered with Plaintiff's rights under the PWDCRA because of his history of a medical disability and/or his need for an extended medical leave as a reasonable accommodation for his disability.

50. Defendant's acts of discrimination and interference came in the form of:

   a. Terminating Plaintiff's employment without prior notice;

   b. Harassing and unfairly subjecting Plaintiff to different and unreasonably performance standards,

   c. Failing to provide Plaintiff with reasonable accommodations;

    d.    Failing to engage in an interactive process with Plaintiff and/or to identify positions for which Plaintiff was qualified;

    e.    Treating Plaintiff differently than similarly situated employees who did not have a disability and/or who did not request reasonable accommodations;

    f.    Denying Plaintiff employment opportunities;

    g.    Limiting, segregating, or classifying Plaintiff in a way which deprived or tended to deprive Plaintiff of employment opportunities or otherwise adversely affecting the status of Plaintiff's employment; and

    h.    Otherwise retaliating and discriminating against Plaintiff with respect to the terms, conditions and privileges of her employment.

51. Defendant's violations of the PWDCRA were made with malice and with reckless indifference to Plaintiff's federally protected rights.

52. As a direct and proximate cause of Defendant's violation of the PWDCRA, Plaintiff has suffered damages, including but not limited to, lost wages and employee benefits, mental anguish and emotional distress, physical ailments and distress, embarrassment, humiliation, injury to her professional reputation, and the loss of the ordinary pleasures of everyday life.

**WHEREFORE**, Plaintiff prays that this Honorable Court enter a judgment in her favor, and against Defendant, in whatever amount is shown

to be established by the proofs in this case, and to award Plaintiff with exemplary damages, injunctive relief, interest, costs, reasonable attorney fees and witness fees.

## COUNT III – VIOLATION OF FAMILY MEDICAL LEAVE ACT

53. Plaintiff repeats and reincorporates each and every paragraph of this Complaint as though fully set forth herein verbatim.

54. At all relevant times, Plaintiff was an eligible employee pursuant to the Family Medical Leave Act (hereinafter "FMLA"), 29 USC §2611(2).

55. At all relevant times, Defendant was a covered employer pursuant to the FMLA, 29 USC § 2611(4).

56. At all relevant times, Plaintiff suffered from a "serious health condition" as defined by the FMLA, 29 USC § 2611(11).

57. Defendant had a duty pursuant to the FMLA to provide Plaintiff with up to twelve work weeks of leave per twelve month period due to a serious health condition that rendered Plaintiff incapable (even temporarily or intermittently) of performing the functions of his job.

58. The FMLA makes it unlawful for any employer to deny the exercise or the attempt to exercise any right provided under the FMLA to an eligible employee. 29 USC § 2615.

59. Additionally, the FMLA makes it unlawful for any employer to interfere with, restrain, or deny the exercise of or the attempt to exercise any right provided under the FMLA to an eligible employee. 29 USC § 2615.

60. Defendant violated Plaintiff's rights under the FMLA by:

   a. Interfering with Plaintiff's exercise of his rights under the FMLA,

   b. Retaliating against Plaintiff for exercising his rights under the FMLA, and

   c. Discharging and/or otherwise discriminating against Plaintiff because of having exercised his rights under the FMLA.

61. As a direct and proximate result of the Defendant's violation of the FMLA, Plaintiff has suffered damages including, but not limited to, past and future income and employee benefits, physical pain and suffering, mental anxiety and emotional distress, humiliation, outrage and loss of professional and personal reputation.

**WHEREFORE**, Plaintiff respectfully requests that this Honorable Court enter judgment in his favor and against the Defendant in whatever amount is shown to be established by the proofs in this cause, together with interest, costs and reasonable attorney fees.

## COUNT IV
## WRONGFUL DISCHARGE AND DISCRIMINATION IN VIOLATION OF THE WORKERS DISABILITY COMPENSATION ACT ("WDCA") AND MICHIGAN PUBLIC POLICY

62. Plaintiff repeats and reincorporates each and every paragraph of this Complaint as though fully set forth herein verbatim.

63. Defendant is a "person" as that term is defined in the WDCA.

64. At all relevant times, Plaintiff was protected by Section 301(13) the WDCA, which prohibits employers from discharging or otherwise discriminating against an employee because the employee has exercised rights afforded to the employee by the WDCA.

65. Among the rights afforded to Plaintiff under the WDCA are the right to seek medical treatment for an on-the-job injury and the right to claim and receive wage and medical expense protection benefits from Defendant's workers compensation insurance carrier.

66. Defendant violated Section 301(13) of the WDCA and Michigan public policy by, among other things:

    a. Engaging in a pattern and practice of discriminating against Plaintiff with respect to her job assignments because Plaintiff exercised rights afforded to the employee by the WDCA;

    b. Terminating Plaintiff's employment because Plaintiff exercised rights afforded to the employee by the WDCA;

    c.    Otherwise discriminating against Plaintiff with respect to compensation or the terms, conditions, or privileges of employment because Plaintiff exercised rights afforded to the employee by the WDCA;

    d.    Treating Plaintiff differently because Plaintiff exercised rights afforded to the employee by the WDCA;

    e.    Limiting, segregating, or classifying Plaintiff in a way which deprived or intended to deprive Plaintiff of employment opportunities or otherwise adversely affecting the status of Plaintiff's employment because Plaintiff exercised rights afforded to the employee by the WDCA; and

    f.    Segregating, classifying, or otherwise discriminating against and disparately treating Plaintiff with respect to the terms, conditions, or privileges of employment because Plaintiff exercised rights afforded to the employee by the WDCA.

67. Defendant's wrongful and discriminatory termination of Plaintiff because he exercised rights afforded to him by the WDCA was willful and deliberate.

68. As a direct and proximate result of Defendant's actions, Plaintiff has suffered damages, including but not limited to, loss of past and future income, mental anxiety and distress, and loss of professional reputation.

**WHEREFORE**, Plaintiff requests that this Honorable Court enter a judgment in her favor, and against Defendant for (1) compensatory damages for lost wages and employee benefits, and to compensate Plaintiff for mental and emotion distress that she experienced, (2) injunctive relief in the form of

reinstatement to her former position and reinstatement of fringe benefits and seniority rights, (3) exemplary and/or punitive damages, and (4) interest and the costs of litigation, including but not limited to reasonable attorney fees and witness fees.

## DEMAND FOR JURY TRIAL

Plaintiff, RICK ABBOTT, by his attorneys, GASIOREK, MORGAN, GRECO, McCAULEY & KOTZIAN, P.C., demands a trial by jury in this cause of action.

                                    Respectfully submitted,

**GASIOREK, MORGAN, GRECO McCAULEY & KOTZIAN, P.C.**

By: /s/*Sam Morgan*
      SAM MORGAN, (P36694)
      Attorney for Plaintiff
      30500 Northwestern Highway
      Suite 425
      Farmington Hills, MI  48334
      (248) 865-0001
      sam.morgan@gmgmklaw.com

Dated:  July 13, 2017